UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTONIOUS L. JONES (#579275)　　　　　　　　　　CIVIL ACTION

VERSUS

JEANIE E. LOUQUE　　　　　　　　　　　　　　　　NO. 14-0614-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 2, 2015.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTONIOUS L. JONES (#579275)          CIVIL ACTION

VERSUS

JEANIE E. LOUQUE          NO. 14-0614-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Jeanie E. Louque, a court reporter previously employed by the Nineteenth Judicial District Court for the Parish of East Baton, State of Louisiana, complaining that the defendant violated the plaintiff's constitutional rights by failing to transcribe the testimony given in connection with the plaintiff's criminal convictions and sentences. The plaintiff contends that, as a result, his convictions and sentences were affirmed based upon an incomplete record.

Inasmuch as the plaintiff is proceeding *pro se* in this case, the Court, pursuant to Order dated October 23, 2014 (R. Doc. 4), directed the United States Marshal's Office to serve the defendant named herein, wherever found. In accordance with normal procedure, the Marshal's Office forwarded correspondence to the plaintiff directing him to fill out and return a copy of a United States Marshal's Form USM-285, providing the name and address of the defendant to be served. The plaintiff returned the completed form to the Marshal's Office, indicating thereon that the Marshal should serve defendant Louque at the Nineteenth Judicial District Court. *See* R. Doc. 6. The record reflects that the United States Marshal's Office thereafter attempted to serve the defendant by contacting the state court on or about January 5, 2015, and the hand-written notation

on the Marshal's Return indicates that the Deputy Marshal was "unable to locate the individual" at the address provided and that the Deputy Marshal was informed by personnel at the state court that defendant Louque was "no longer working at [the] listed location." *See id.* The referenced Marshal's Return was filed into the record on January 8, 2015, and a copy thereof was sent to the plaintiff at his record address. Notwithstanding, the record reflects that no further action has since been taken by the plaintiff to obtain service upon defendant Louque, and no appearance has been made on the defendant's behalf, either by motion or by answer filed in this proceeding.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 120 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." This Rule further provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." A determination regarding whether a plaintiff has made a sufficient showing of good cause "is necessarily fact-sensitive" and depends upon the particular circumstances of the case. *Lindsey v. United States Railroad Retirement Board*, 101 F.3d 444, 446 (5th Cir. 1996). At a minimum, in order to show good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id., quoting Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993). A district court retains the discretion to extend the time for service even in the absence of good cause. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

In the instant case, as noted above, the Court appointed the United States Marshal's Office to effect service on the defendant in this case, as required by Rule 4(c)(3) of the Federal Rules of Civil Procedure. In such instance, an incarcerated *pro se* plaintiff is "entitled to rely upon service

by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). However, once a plaintiff has been placed on notice of deficiencies in service, he "may not remain silent and do nothing to effectuate such service." *Id.* at 1110. *See also Ellibee v. Leonard*, 226 Fed. Appx. 351, 358 (5th Cir. 2007). "At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Rochon v. Dawson, supra,* 828 F.2d at 1110. If the failure to timely effect service is due to the "dilatoriness or fault" of the plaintiff, he will ordinarily be unable to show good cause for such failure. *See id. See also Lindsey v. United States Railroad Retirement Board, supra*, 101 F.3d at 447.

In the instant case, after the appointment of the United States Marshal's Office for service, the plaintiff provided the Marshal's Office with the address of the Nineteenth Judicial Court, where the defendant was believed to be employed, as the place where the defendant could be served. Had the Marshal been able to deliver the summons and Complaint to the defendant personally at that location, service would have been proper at that time.[1] However, inasmuch as Defendant Louque was apparently no longer employed at the address provided, and inasmuch as court personnel apparently were not authorized by appointment or by law to accept service on the

---

1. Pursuant to Fed. R. Civ. P. art. 4(e), unless federal law provides otherwise, an individual may be served (1) by delivering a copy of the summons and complaint to the individual personally, (2) by leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, (3) by delivering a copy to an agent authorized by appointment or by law to receive service of process, or (4) in accordance with the procedures utilized by the state for service of process. Louisiana law similarly provides that, in the absence of an authorized or appointed agent, service must be made by delivery of the Complaint either to a defendant personally or to a person of suitable age and discretion at the defendant's domicile. *See* La. Code Civ. P. art. 1231, *et seq. See also Drago v. Drago*, 477 So.2d 786, 788 (La. App. 5th Cir.), *writ denied*, 478 So.2d 1236 (La. 1985).

defendant's behalf, service was refused for the defendant on January 5, 2015. *See* R. Doc. 6. By receipt of the service copy of the Marshal's Return, the plaintiff was placed on notice that service had not been effected as to the defendant. Notwithstanding, the plaintiff has taken no action since that time, a period of approximately 5 months, to obtain service upon defendant Louque, to obtain additional information relative to the defendant's location, or to obtain an extension of time within which to effect service.

Based on the foregoing chronological recitation, the Court concludes that service upon the defendant has not been effected in a timely manner in accordance with Fed. R. Civ. P. 4(m) and that there is nothing in the record to suggest that the plaintiff will be able to show good cause for the untimely service in this case. Accordingly, it is appropriate that this proceeding be dismissed, without prejudice, as a result of the plaintiff's failure to effect timely service upon the defendant.[2]

## RECOMMENDATION

It is recommended that the above-captioned proceeding be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

Signed in Baton Rouge, Louisiana, on June 2, 2015.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

---

2. The Court hereby advises the plaintiff that this Report constitutes notice that the Court is *sua sponte* raising the issue of timeliness of service of process. In accordance with 28 U.S.C. § 636(b)(1), the plaintiff has a period of fourteen (14) days from the date of service of this Report to file written objections to the proposed findings of fact and conclusions of law contained herein, and the plaintiff may submit, in connection with his written objections, any evidence or argument that he may have supporting a contention that there is good cause for his failure to effect timely service upon the defendant.